UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>Defendant. | Civil Action No. 25-3700 (TSC) |

**ANSWER**

Defendant Federal Housing Finance Agency ("FHFA") hereby answers the Complaint, ECF No. 1, filed by Plaintiff Democracy Forward Foundation in this Freedom of Information Act ("FOIA") matter. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

**COMPLAINT FOR INJUNCTIVE RELIEF[1]**

The non-enumerated paragraph that begins with "Plaintiff Democracy Forward Foundation" contains Plaintiff's characterization of the nature of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

to bring this action under the FOIA but denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## JURISDICTION AND VENUE

1. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this matter subject to the terms, conditions, and limitations of the FOIA.

2. This paragraph consists of Plaintiff's legal conclusion regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

## FACTUAL BACKGROUND

### Parties

3. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that it is a U.S. government agency for purposes of FOIA. FOIA requests may either be directed to FHFA Headquarters ("FHFA-HQ") or to the FHFA Office of Inspector General ("FHFA-OIG"), an independent oversight organizational unit within FHFA, or both. FHFA-OIG has a separate FOIA office from FHFA-HQ. *See* 12 C.F.R. § 1202. Herein, FHFA-OIG responds to the allegations regarding the FOIA request directed to FHFA-OIG, and FHFA-HQ responds to the allegations FOIA requests directed to FHFA-HQ.

### Facts

5. Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 5. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant FHFA-HQ admits there may be some public

interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in Paragraph 5 characterize the motivations of individuals or entities, FHFA-OIG responds that no response is required.  If a response is deemed to be required, FHFA-OIG does not have sufficient information to admit or deny those allegations. To the extent the allegations in Paragraph 5 describe specific statements or events, FHFA-OIG became aware of the allegations through information available to the general public.  To the extent the allegations in this paragraph are alleged for purposes other than to support allegations of public interest, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6. Defendant FHFA-HQ admits only that FHFA-HQ has made criminal referrals to the U.S. Department of Justice since March 14, 2025; otherwise Defendant FHFA-HQ denies the allegations in Paragraph 6.  FHFA-OIG became aware of the allegations in Paragraph 6 through information available to the general public.

7. Defendant FHFA-HQ admits only that FHFA has made criminal referrals to the U.S. Department of Justice since March 14, 2025; otherwise Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 7. FHFA-OIG became aware of the allegations in Paragraph 7 through information available to the general public. The footnotes do not serve as a factual allegation and require no response.

8. Defendant FHFA-HQ admits that the media articles set forth in the footnotes speak for themselves; otherwise Defendant FHFA-HQ denies the allegations in Paragraph 8.  FHFA-OIG became aware of the allegations in Paragraph 8 through information available to the general public.

9. Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 9. FHFA-OIG became aware of the allegations in Paragraph 9 through information available to the general public. The footnote does not serve as a factual allegation and requires no response.

*Schiff-James Referral Request (2025-FOIA-098)*

10. Defendant FHFA-HQ admits that Plaintiff sent a FOIA request to FHFA-HQ on July 21, 2025. Defendant FHFA-HQ respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 10.

11. Defendant FHFA-HQ admits the allegations in Paragraph 11. Defendant FHFA-HQ respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 11.

12. Defendant FHFA-HQ admits the allegations in Paragraph 12. Defendant FHFA-HQ respectfully refers the Court to FHFA-HQ's acknowledgement email dated July 22, 2025, for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 12.

13. Defendant FHFA-HQ admits the allegations in Paragraph 13. Defendant FHFA-HQ respectfully refers the Court to FHFA-HQ's message dated August 28, 2025 for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 13.

14. Defendant FHFA-HQ admits the allegations in Paragraph 14. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 14.

*Cook Referral Request (2025-FOIA-138)*

15.     Defendant FHFA-HQ admits that Plaintiff sent a FOIA request to FHFA-HQ on August 29, 2025. Defendant FHFA-HQ respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 15.

16.     Defendant FHFA-HQ admits the allegations in Paragraph 16. Defendant FHFA-HQ respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 16.

17.     Defendant FHFA-HQ admits the allegations in Paragraph 17. Defendant FHFA-HQ respectfully refers the Court to FHFA-HQ's acknowledgement email dated September 8, 2025, for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 17.

18.     Defendant FHFA-HQ admits the allegations in Paragraph 18.  Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 18.

*Pulte Referrals and WH Comms Request (2025-FOIA-139)*

19.     Defendant FHFA-HQ admits that Plaintiff sent a FOIA request to FHFA-HQ on August 29, 2025. Defendant FHFA-HQ respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 19.

20.     Defendant FHFA-HQ admits the allegations in Paragraph 20. FHFA-HQ respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 20.

21. Defendant FHFA-HQ admits the allegations in Paragraph 21. Defendant FHFA-HQ respectfully refers the Court to FHFA-HQ's acknowledgement email dated September 8, 2025 for a full and accurate statement of its contents. Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 21.

22. Defendant FHFA-HQ admits the allegations in Paragraph 22.  Defendant FHFA-OIG does not have sufficient information to admit or deny the allegations in Paragraph 22.

*FHFA OIG Document Demands (2025-FOIA-00050)*

23. Defendant FHFA-OIG admits that DFF sent FHFA-OIG a FOIA request on September 12, 2025.  FHFA-OIG respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.  Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 23.

24. Defendant FHFA-OIG admits the allegations of Paragraph 24.  Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 24.

25. As to the first sentence of Paragraph 25 of the Complaint, Defendant FHFA-OIG denies the allegations of that sentence. On information and belief, DFF received an automated response from the National FOIA portal on September 12, 2025.  As to the second sentence, Defendant FHFA-OIG admits the allegations of that sentence.  Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 25.

26. Defendant FHFA-OIG admits and respectfully refers the Court to the letter for a full and accurate statement of its contents. As to the second sentence, Defendant FHFA-OIG lacks information and therefore denies, except to admit that the September 23, 2025 letter stated that DFF's FOIA request had been "received by the Federal Housing Finance Agency Office of Inspector General after business hours on Friday, September 12, 2025, and will therefore be treated

as having been received on Monday, September 15, 2025, for processing purposes." Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 26.

27.     Defendant FHFA-OIG denies and avers that FHFA-OIG responded to DFF's FOIA request on October 22, 2025. Defendant FHFA-HQ does not have sufficient information to admit or deny the allegations in Paragraph 27.

*Exhaustion of Administrative Remedies*

28.     Defendant FHFA-HQ and Defendant FHFA-OIG deny the allegations of Paragraph 28. The last sentence of Paragraph 28 of the Complaint is a legal conclusion and requires no response.

**CLAIM FOR RELIEF**

**Count I (Violation of FOIA, 5 U.S.C. § 552)**

29.     Defendant incorporates by reference its responses to Paragraphs 1-28 of the Complaint.

30.     The allegations in this paragraph are Plaintiff's legal conclusions, to which no response is required.

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation. Defendant does not assume the burden of proving any of

these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Each request fails to comply with the requirements of FOIA to the extent it fails to reasonably describe the records sought or would be unduly burdensome to process.

## FOURTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

## FIFTH DEFENSE

Defendant has exercised due diligence in responding to Plaintiff's FOIA Requests under the current circumstances.

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

## SEVENTH DEFENSE

Plaintiff's claims are moot as to the request to FHFA-OIG, as FHFA-OIG has already responded in full to the FOIA request.

## EIGHTH DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## NINTH DEFENSE

Plaintiff is neither eligible for nor entitled to injunctive relief, declaratory relief, attorneys' fees, costs of suit, nor any damages or relief whatsoever.

Dated: January 6, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  /s/ Allison I. Brown
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7822
allison.brown2@usdoj.gov

*Attorneys for United States of America*