UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>Defendant. | Civil Action No. 25-3700 (TSC) |

## JOINT PROPOSED SCHEDULE

Pursuant to the Court's January 7, 2026, Minute Order, Plaintiff, Democracy Forward Foundation, and Defendant, Federal Housing Finance Agency ("FHFA" or "Defendant"), hereby submit the following joint proposed schedule for further proceedings in this Freedom of Information Act ("FOIA") matter.

1. This lawsuit concerns four FOIA requests relating to criminal referrals for mortgage fraud (request numbers 2025-FOIA-50, 2025-FOIA-98, 2025-FOIA-138, and 2025-FOIA-139).

2. FHFA has completed search and production for Request 2025-FOIA-00050.

3. For Request 2025-FOIA-98, FHFA's search has thus far located 255 potentially responsive emails totaling 270 pages, and the request is the 39th request in the queue pending on the FHFA's complex track. The parties disagree on the schedule for production, as described further below.

4. For Request 2025-FOIA-138, FHFA's search has thus far identified 130 responsive pages, and the request is pending on the expedited track. Defendant expects that review will be complete by February 10, 2026. Defendant will produce any reasonably segregable, non-exempt

portions of those pages by the same date, with Vaughn indexes for those requests completed within 30 days of the completion of the review.

5. For Request 2025-FOIA-139, FHFA's search has thus far located 219 responsive pages and 628 potentially responsive pages for further review, and the request is pending on the expedited track. Defendant expects that review will be complete by May 15, 2026, and will produce any reasonably segregable, non-exempt portions of those pages by the same date, with Vaughn indexes for those requests completed within 30 days of the completion of the review.

6. Defendant does not anticipate moving for an *Open America* stay. It is premature to determine whether summary judgment briefing will be required. The parties will continue to confer throughout the course of this action in an effort to reduce and resolve any disputes without necessitating the Court's involvement.

### Defendant's Position Regarding 2025-FOIA-98

7. Defendant has proposed a reasonable production schedule for the requests at issue in this suit; it has completed the search and agreed to swift production of the straightforward responses. However, Defendant has 38 requests ahead of 2025-FOIA-98 in the processing queue for complex requests and maintains a general practice of processing requests in the order received. In light of the high number of requests on the complex track, Defendant expects processing will take about a year and will be complete by January 31, 2027. Defendant will produce any reasonably segregable, non-exempt portions of those pages by the same date, with Vaughn indexes for those requests completed within 30 days of the completion of the reviews.

### Plaintiff's Position Regarding Processing of 2025-FOIA-98 *(Schiff-James Referral)*

8. FOIA request 2025-FOIA-98, the *Schiff-James Referral* request, Compl. ¶ 10, concerns a matter of significant public importance for which timeliness in the release of responsive records is critical. Consequently, Plaintiff requests that the Court require Defendant to process and

release the non-exempt portions of the 270 pages of responsive records for that request by July 1, 2026.

9. The records at issue relate to actions taken by FHFA Director William "Bill" Pulte involving the referral of a sitting United States Senator, Adam Schiff, and a presently serving state attorney general, Letitia James, for alleged mortgage fraud. Because Director Pulte leads the regulatory agency with authority over entities that possess confidential mortgage records, the circumstances of these referrals raise serious concerns about his access to and use of non-public information for potentially retaliatory or other improper purposes, including potential weaponization of his authority against perceived political opponents.

10. Plaintiff does not seek extraordinary relief. Rather, Plaintiff proposes a reasonable and modest processing schedule that would require a rate of processing fewer than 200 pages per month, with completion by July 1, 2026. This would allow approximately 45 days after Defendant completes processing of the other requests in matter for Defendant to process the 270 pages of responsive records.

11. The public significance of the requested records is underscored by widespread media coverage and contemporaneous reporting. Multiple news outlets have reported on Director Pulte's referrals of Senator Schiff and Attorney General James, highlighting concerns that these referrals arose for the purposes of political retaliation rather than regulatory enforcement, and questioning whether the Director leveraged his position to access confidential agency information against perceived political opponents.[1] These reports have made clear that FOIA request 2025-

---

[1] *See e.g.*, Eric C. Peck, *FHFA Director Alleges Mortgage Fraud By California Senator,* Mortgage Point (July 17, 2025), https://themortgagepoint.com/2025/07/17/fhfa-director-alleges-mortgage-fraud-by-california-senator/; Michael Wilner, *A Trump donor, now a regulator, leads effort to accuse president's foes of mortgage fraud,* Los Angeles Times (Aug. 26, 2025), https://www.latimes.com/politics/story/2025-08-26/william-pulte-leads-effort-to-accuse-trump-foes-of-mortgage-fraud; Ryan J. Reilly et al., *DOJ investigating N.Y. AG's office*

FOIA-98 concerns a public controversy involving the integrity of federal housing oversight and the potential politicization of agency processes. Timely disclosure is therefore essential to inform the public's ongoing understanding and oversight.

12.     Plaintiff's proposed processing rate is more conservative than FOIA processing schedules routinely ordered or approved by Courts in this District. Courts in this District regularly require agencies to process records at rates comparable or exceeding Plaintiff's proposal. *See e.g.*, Minute Order, *Burleigh v. FCC,* 25-1298-ABV (Dec. 8, 2025) (ordering Defendant to complete processing and production of 900 remaining pages in 39 days); Joint Status Report at 1-2, *Judicial Watch v. Dep't of Justice,* No 16-cv-2046 (D.D.C. Apr. 17, 2017) *and* Minute Order *Judicial Watch v. Dep't of Justice,* No. 16-cv-2046 (D.D.C. Apr. 19, 2017) (approving a production rate of 500 pages per month); *Republican Nat'l Comm. v. U.S. Dep't of State*, No 16-cv-486, ECF No. 14 (July 5, 2016) (ordering a 500 pages per month until complete); *Energy Future Coalition v. Office of Mgmt. & Budget,* No. 15-cv-1987, ECF No. 30 (ordering a review of 500 pages per month and production of any responsive documents each month until it has produced all responsive records it has gathered). Agencies cannot rely solely on generalized "first in, first out" policies to justify a year-long production schedule. Plaintiff's proposal balances Defendant's resource constraints with

---

*and Sen. Adam Schiff,* NBC News (updated Aug. 12, 2025), https://www.nbcnews.com/politics/justice-department/doj-opens-investigation-new-york-ags-office-brought-fraud-case-trump-rcna223731; Andrew Solender, *House Democrats probe Trump attack dog Bill Pulte,* Axios (Sept. 9, 2025), https://www.axios.com/2025/09/09/bill-pulte-donald-trump-jamie-raskin; Rachel Siegel, *Democrats say Bill Pulte 'abused' his role with mortgage fraud probes,* Wash. Post (Sept. 26, 2025), https://www.washingtonpost.com/business/2025/09/26/pulte-mortgage-fraud-investigations/; Ryan J. Reilly et al, *The Adam Schiff criminal probe has stalled, sources say,* NBC News (Oct. 23, 2025), https://www.nbcnews.com/politics/justice-department/adam-schiff-criminal-probe-stalled-sources-say-rcna239375; Avery Lotz, *Justice Department investigating own handling of Adam Schiff probe: reports,* Axios (updated Nov. 20, 2025), https://www.axios.com/2025/11/20/justice-department-schiff-pulte-martin.

FOIA's core purpose of timely public access and aligns with processing schedules reflected in other joint status reports and orders issued by this court. Under these circumstances, a schedule extending until the end of January 2027 is unreasonable and would result in the processing of a small universe of records of public importance more than 18 months after Plaintiff's request was submitted.

13. Plaintiff respectfully requests the Court require Defendant to complete processing by July 1, 2026. Plaintiff will file a proposed order.

## Conclusion

14. The parties propose to submit a Joint Status Report to the Court by July 15, 2026, informing the Court of the updated status of this matter.[2]

Dated: February 6, 2026
Washington, DC

*/s/ Anisha N. Hindocha*
Anisha N. Hindocha
(Bar No. 1725159)
Daniel A. McGrath
(Bar No. 1531723)
Robin F. Thurston
(Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
rthurston@democracyforward.org
ahindocha@democracyforward.org

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Allison I. Brown*
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7822
allison.brown2@usdoj.gov

*Attorneys for the United States of America*

---

[2] To the extent Defendant reasonably adheres to the above proposed schedule, Plaintiff agrees to this extended JSR schedule, but reserves the right to raise processing issues to the Court if there are extended delays in processing.