UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

Plaintiff,

v.

FEDERAL HOUSING FINANCE AGENCY,

Defendant.

Civil Action No. 25-3700 (TSC)

## PLAINTIFF'S MOTION FOR PRODUCTION SCHEDULE

After extended, unexplained delay, Plaintiff Democracy Forward Foundation respectfully requests that this Court issue an order requiring Defendant Federal Housing Finance Agency ("FHFA") to process and produce the records responsive to an expedited Freedom of Information Act ("FOIA") request for records concerning FHFA Director William "Bill" Pulte's criminal referrals of perceived political opponents and communications with the White House.

FHFA has acknowledged that this request—submitted more than 10 months ago—warrants expedited processing. In February, FHFA informed Plaintiff and the Court that it intended complete processing and production of records for this request by May 15, 2026—now more than six weeks ago. But FHFA has neither produced a single page of responsive records nor provided Plaintiff with any explanation for its delay or any new proposed schedule despite repeated efforts to confer. The public interest in understanding any potentially politically motivated use of government authority by Director Pulte against perceived White House opponents is now heightened as he has also assumed the role of Acting Director of National Intelligence.

Plaintiff requests that the Court exercise its equitable authority to require FHFA to produce the non-exempt portion of records responsive to this request of public import by August 1, 2026.

This is 2.5 months after the agency itself represented it would do so for this expedited request involving fewer than one thousand potentially responsive pages of records.

Plaintiff has reached out to counsel to confer regarding the delay in FHFA's May 15, 2026, production repeatedly to avoid seeking court intervention and received no substantive explanation for the delay or new proposed schedule for processing. FHFA opposes this motion.

## I.    Background

On August 29, 2025, Plaintiff submitted the *Pulte Referrals and WH Comms* FOIA request at issue here seeking, on an expedited basis, (1) criminal referral letters sent by Director Pulte and other FHFA officials to the U.S. Department of Justice ("DOJ") concerning alleged mortgage fraud by particular individuals, and (2) records reflecting communications between Director Pulte and individuals from the White House, including President Trump. Compl. Dkt 1. ¶ 19. The request sought these records after Director Pulte reportedly initiated a series of highly publicized criminal referrals involving public officials perceived to be political opponents of President Trump.[1] Because those referrals raised questions concerning the propriety of the Director's use of his authority, potentially improper access to confidential mortgage information, and possible political retaliation, Plaintiff requested expedited processing. *See* Compl. Dkt 1. ¶ 19.

FHFA agreed that expedited processing was appropriate, assigning the request to its expedited processing track. *See* Joint Status Report ("Feb. 6, JSR") ¶ 5, ECF No. 12 (Feb. 6, 2026). In February, FHFA informed Plaintiff that it had identified 219 responsive pages with an additional

---

[1] *See, e.g.*, Eric C. Peck, *FHFA Director Alleges Mortgage Fraud By California Senator,* Mortgage Point (July 17, 2025), https://perma.cc/LE6W-56VV; Michael Wilner, *A Trump donor, now a regulator, leads effort to accuse president's foes of mortgage fraud,* Los Angeles Times (Aug. 26, 2025), https://perma.cc/YHB8-SFB6; Ryan J. Reilly et al., *DOJ investigating N.Y. AG's office and Sen. Adam Schiff,* NBC News (updated Aug. 12, 2025), https://perma.cc/D8W5-XFYD; Ryan J. Reilly et al, *The Adam Schiff criminal probe has stalled, sources say,* NBC News (Oct. 23, 2025), https://perma.cc/9SZY-PZSJ.

628 potentially responsive pages requiring further review for this request (assigned agency tracking number 2025-FOIA-139). *Id*. In the parties' February 6, 2026, Joint Status Report, FHFA represented to this Court that it expected to process and produce all reasonably segregable, non-exempt responsive material by May 15, 2026. *Id*. FHFA further stated that it would produce a complete *Vaughn* index 30 days afterward. *Id.*

None of that has happened. FHFA missed that production date and has not processed a single page responsive to Plaintiff's request. For more than six weeks, Plaintiff has repeatedly attempted to obtain an explanation for FHFA's failure to meet its production commitment and to resolve the matter without Court involvement. On May 19, Plaintiff first asked for an updated timeline regarding the production and was informed that FHFA "would finish the processing soon" but was "not able to be more specific about timing." Since then, Plaintiff has followed up on June 2, 16, 26, and 29 with no substantive response. FHFA has not provided Plaintiff with any explanation for missing its May 15th production date or offered any revised production schedule.

Since the parties' last report, in which FHFA represented that production would be complete by May 15th, Director Pulte has assumed the additional position of Acting Director of National Intelligence. As Director Pulte's authority within the Executive Branch has expanded, so too has the public interest in understanding whether his criminal referrals of perceived political opponents and communications with the White House were undertaken for legitimate regulatory purposes for improper political ends.[2] This scrutiny adds to earlier congressional oversight requests

---

[2] *See, e.g.*, Ltr. from Vice Chair Mark Warner, Sen. Select. Comm. On Intelligence & Ranking Mem. Jim Himes, House Perm. Select Comm. On Intelligence, to Acting Dir. Of Nat'l Intelligence William Pulte, June 22, 2026, https://democrats-intelligence.house.gov/uploadedfiles/6.22.26_letter_to_acting_dni_pulte_from_vc_warner_and_rm_himes.pdf (expressing concern about Pulte's pursuit of "President Trump's perceived political opponents" at FHFA and reminding of obligation to preserve records to facilitate congressional oversight).

seeking records that would also be responsive to the FOIA request at issue here.[3]

Plaintiff now moves for a production order that would require FHFA to process the 847 potentially responsive pages for this request by August 1, 2026. This will have afforded the agency nearly 6 months to process these records since they were collected, at a monthly rate of fewer than 150 pages per month for a request that FHFA acknowledges warrants expedited processing.

## II.   The Court Should Exercise its Equitable Authority to Require Production by a Firm Date

Plaintiff seeks modest relief that would only require that the agency process records for this expedited FOIA request at a rate akin to—indeed slower than—the rate at which agencies regularly process non-expedited requests. And the public interest strongly favors this modest relief, as public and congressional interest in Director Pulte's potentially improper conduct at FHFA has only intensified as he has assumed another powerful government role.

### A.   FHFA Has Already Determined this Request Warrants Expedited Processing

All parties agree that this request merits expedited treatment, and Plaintiff merely seeks an order that would require FHFA to process the potentially responsive records at issue at a rate substantially slower than that of *non*-expedited requests in this district. Congress required agencies to process expedited requests "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii). Courts have likewise recognized that expedited requests warrant materially faster processing than requests processed in the ordinary course. *See Electronic Privacy Information Center v. DOJ*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006) ("[T]he phrase 'as soon as practicable,' in the context of a provision of FOIA allowing for *expedited* processing, cannot be interpreted to impose a lower burden on the agency than" "in situations involving standard FOIA requests."). This Court recently rejected a 250 page per

---

[3] *See* Ltr. from Ranking Mem. Robert Garcia, U.S. House Comm. On Oversight and Gov't Reform, to William Pulte, Dir., FHFA, Nov. 19, 2025, https://perma.cc/8PW5-CRBQ (seeking FHFA communications with the White House and Department of Justice).

month production schedule for expedited FOIA requests involving fewer than one thousand pages of responsive records, explaining that, "[c]ourts routinely order agencies to process more pages per month in the absence of an expedited processing order" and that, "[i]t would be 'absurd' to allow Defendants to process expedited requests at a slower pace than often occurs in non-expedited cases." Minute Order, *Democracy Forward Found. v. DOJ,* No. 25-cv-4270 (D.D.C. June 17, 2026) (quoting *EPIC,* 416 F. Supp. at 39).

Those observations apply with equal force here. FHFA has already concluded that this request presents the type of exceptional public interest that warrants expedited treatment. Yet despite identifying only about 850 potentially responsive pages and proposing to *complete* production by May 15th, FHFA has not produced a single page of responsive records or provided any explanation for its failure to adhere to its own schedule.

### B.      Plaintiff's Requested Production Schedule is Reasonable

Plaintiff's requested relief is modest. Plaintiff does not seek to require FHFA to process records at a rate exceeding what the agency previously represented it could accomplish, nor does Plaintiff ask the Court to require extraordinary measures.[4] Rather, Plaintiff requests only that the Court require FHFA to complete production within a reasonable time period after its missed May 15th production date. Such relief merely enforces the agency's own assessment of what was practicable for this expedited request, and such an order is well within the court's authority. *See Colbert v. FBI*, No. 16-CV-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) ("courts have broad discretion to determine a reasonable processing rate for a FOIA request.").

Moreover, the potentially responsive records here consist of fewer than 850 pages.

---

[4] And Plaintiff does *not* seek production of the *Vaughn* index that FHFA reported it would provide to Plaintiff by June 14, 2026, in the parties' last report.

Plaintiff's requested relief would allow FHFA to process this modest volume of records in approximately 6 months—from early February to August 1st. This would be fewer than 150 pages per month, whereas Courts in this district typically require 500 pages per month for *non*-expedited cases. *See, e.g.*, *CREW v. DOJ*, 2026 WL 472589, at *13 (D.D.C. Feb. 19, 2026) (citing examples of this rate); *see also* Minute Order, *Democracy Forward Found. v. U.S. Dep't of Justice*, No. 25-cv-1210-AHA (D.D.C. Apr. 7, 2026) (ordering at least 500 pages per month); *Republican Nat'l Comm. v. U.S. Dep't of State*, No. 16-cv-486, ECF No. 14 (D.D.C. July 5, 2016) (similar); *Energy Future Coalition v. OMB,* No. 15-cv-1987, ECF No. 30 (D.D.C. July 25, 2016) (similar).

### C.    The Public Interest in Timely Disclosure Weighs Strongly in Favor of Plaintiff's Requested Relief

Delays that push disclosure beyond the period of meaningful public relevance defeat FOIA's central purpose of informing the citizenry. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978); *EPIC v. DHS*, 760 F. Supp. 2d 4, 10–11 (D.D.C. 2011). Public urgency or time-sensitive need for disclosure may justify the Court ordering more rapid processing schedule than proposed by the agency. *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

The requested records here relate directly to actions taken by FHFA Director Pulte involving referrals of multiple currently serving elected officials for alleged criminal conduct. These actions have prompted congressional oversight inquiries, a Privacy Act challenge, and consistent public scrutiny regarding his use of government authority against apparent political opponents.[5] The public interest in these records has intensified since FHFA committed to

---

[5] *See, e.g.*,  Letter from Senators Elizabeth Warren, Chuck Schumer & Cory Booker to William J. Pulte, Director, Federal Housing Finance Agency (Aug. 29, 2025), https://perma.cc/H9TS-Z4X2; *Letter from Rep. Jamie Raskin, Ranking Member, House Comm. on the Judiciary, to William Pulte, Director, Federal Housing Finance Agency (Sept. 8, 2025)*, https://perma.cc/F5N6-9E3Q; Ryan J. Reilly & Gary Grumbach, *Democratic Rep. Eric Swalwell*

producing them by May 15th in the parties' last report, as Director Pulte has since assumed the additional role of acting Director of National Intelligence. As Mr. Pulte now exercises broader governmental authority, the public has an even greater interest in understanding whether, while serving as FHFA Director, he used his office to improperly initiate criminal referrals against perceived political opponents or coordinated those efforts with White House officials. Plaintiff seeks only to require production of records on a timeline slower than that already proposed by Defendant. Continued delay increasingly frustrates FOIA's core purpose of enabling the public to evaluate the conduct of its government while those actions remain matters of ongoing public concern.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order FHFA to complete processing and production of non-exempt records responsive to 2025-FOIA-139 (the "*Pulte Referrals and WH Comms Request*") by August 1, 2026.

---

sues Trump official over mortgage fraud accusations, NBC News (Nov. 25, 2025), https://perma.cc/LTX6-R7UZ; Kara Scannell & Devan Cole, *Letitia James says charges against her stem from 'illegal and unethical behavior' by Trump administration,* CNN (Nov. 17, 2025), https://perma.cc/W8DH-WHWR; Andrew Solender, *House Democrats probe Trump attack dog Bill Pulte,* Axios (Sept. 9, 2025), https://perma.cc/EK8C-GD8P; Rachel Siegel, *Democrats say Bill Pulte 'abused' his role with mortgage fraud probes,* Wash. Post (Sept. 26, 2025), */* https://perma.cc/R2QU-ZDFE; Avery Lotz, *Justice Department investigating own handling of Adam Schiff probe: reports,* Axios (updated Nov. 20, 2025), https://perma.cc/F7KH-FMQC; *Marisa Taylor & Chris Prentice, Exclusive: Trump official bypassed ethics rules in criminal referrals of Fed governor and other foes, sources say,* Reuters (Oct. 6, 2025), https://perma.cc/6NN8-HCEN.

Dated: June 30, 2026

Respectfully submitted,

/s/ *Anisha Hindocha*

Anisha N. Hindocha
 (Bar No. 1725159)
 Daniel A. McGrath
 (Bar No. 1531723)
Robin F. Thurston
 (Bar No. 7268942)
 Democracy Forward Foundation
 P.O. Box 34553
 Washington, D.C. 20043
 (202) 448-9090
 ahindocha@democracyforward.org
 dmcgrath@democracyforward.org
 rthurston@democracyforward.org