UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL HOUSING FINANCE AGENCY, <br><br> Defendant. | Civil Action No. 25-3700 (TSC) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR PRODUCTION SCHEDULE**

After months of unexplained delay in the processing of Plaintiff's request for records of significant public import, FHFA now objects to the Court setting a processing schedule on the basis of its tepid commitments for future progress and unexplained deviation from its prior statements. FHFA offers nothing more than a generic explanation for its delays thus far and only a non-committal plan to complete processing of Plaintiff's four months after it said it would in February. FHFA objects that Plaintiff's request should not receive expedited processing, but neither explains its prior statements that the request was receiving "expedited" treatment nor disputes that Plaintiff has sought a processing rate slower than regularly required for *non*-expedited requests. In light of the unexplained delays here—where Defendant has not processed a single page for production or withholding for nearly six months—Plaintiff respectfully requests that the Court order the modest relief of a reasonable, but firm, production schedule in this matter.

*First*, FHFA fails to explain why Plaintiff's requested schedule—which would require a functional processing rate of less than 200 pages per month[1]—is unreasonable or how it constitutes

---

[1] FHFA's opposition reports that it has identified approximately 1,000 potentially responsive pages, in contrast to the approximately 850 pages identified in February. Even with this modest

an "expedited schedule" as FHFA alleges. Def.'s Opp'n at 1, Dkt. No. 19. FHFA does not dispute that it is standard for agencies to process 500 pages per month for production or withholding. *See* Pl.'s Mot. at 5-6, Dkt. No. 14. Here, by February, FHFA had already identified approximately 850 responsive or potentially responsive pages and represented that it intended to complete processing by May 15, 2026. *See* Feb. 6, 2026 JSR ("Feb. 6 JSR"), ¶ 5, Dkt. No. 12. Six months later, FHFA does not dispute that it has not processed a single page of records responsive to this request for production or withholding.

*Second*, FHFA provides no reason to trust that the agency will process responsive records on reasonable schedule in the future absent a court-ordered schedule. FHFA offers nothing more than a generic explanation that its "backlog of other FOIA requests" and "exemption analysis" have caused its extended delay here. Def.'s Opp'n at 2. But these factors apply to nearly all FOIA requests. And here FHFA was aware of its relevant backlog of previously received requests and the approximate volume of relevant documents in February when the agency itself proposed to complete processing and production by May 15. Nor does FHFA dispute that, despite weeks of outreach from Plaintiff, it provided no explanation for its delay or alternative proposed path forward until it was required to file its opposition. Indeed, FHFA had no information about the reason for its delay to report to the Court in last week's JSR. July 15, 2026 JSR, Dkt. No. 18 at 1. FHFA's conduct to this point indicates that there will likely be further extended delays in the production of the records of public importance without a processing requirement from the Court.

*Third*, FHFA's opposition makes much of the fact that Plaintiff did not plead an expedited processing count in its complaint. But FHFA's argument wholly ignores that the parties have not

---

increase in volume, requiring a complete response by August 1, would only require that the agency have processed about 172 pages per month since the parties' February report.

litigated Plaintiff's entitlement to expedited processing here because FHFA *agreed* to expedite processing of the request. In August 2025, Plaintiff submitted its FOIA request with a request for expedited processing. Hindocha Decl., Ex. 1. In early September 2025, FHFA responded that the request had been assigned to its "complex/expedited" track with an estimated processing time of "45-60 days." Hindocha Decl., Ex. 2.[2] And in the parties' February JSR, FHFA reaffirmed that the request was assigned to the "expedited track." Feb. 6 JSR, ¶ 5 (this contrasts with request number 2025-FOIA-98, which was not being processed in the "expedited track" *id.* ¶ 3). Despite FHFA's arguments about Plaintiff's failure to litigate to force FHFA to grant expedited processing, FHFA makes no effort to explain how its own prior statements indicating Plaintiff's request was receiving expedited treatment square with its new position in opposition to this motion.

In any case, whether or not Plaintiff is entitled to expedited processing, the relief sought here is warranted. Plaintiff is seeking a processing rate that is much lower than that at which agencies regularly process *non*-expedited requests. *See* Pl.'s Mot at 5-6. Plaintiff's entitlement to expedited processing—which FHFA previously recognized in a filing in this case—merely reinforces the conclusion that the relief sought is appropriate.

Accordingly, the Court should grant Plaintiff's motion and order FHFA to complete processing and production by August 1, 2026. Alternatively, if the Court concludes that additional time is warranted to accommodate FHFA, Plaintiff respectfully submits that the Court should at least order that FHFA complete processing on roughly the schedule FHFA itself now proposes: requiring FHFA to process 500 pages for production or withholding by August 13, 2026, and to process all remaining responsive records for production or withholding by September 15, 2026.

---

[2] It is notable that FHFA's own estimate suggested it would have responded to this request in the Fall of 2025.

- 4 -

Dated: July 23, 2026

Respectfully submitted,

/s/ *Anisha Hindocha*

Anisha N. Hindocha
 (Bar No. 1725159)
 Daniel A. McGrath
 (Bar No. 1531723)
Robin F. Thurston
 (Bar No. 7268942)
 Democracy Forward Foundation
 P.O. Box 34553
 Washington, D.C. 20043
 (202) 448-9090
 ahindocha@democracyforward.org
 dmcgrath@democracyforward.org
 rthurston@democracyforward.org